The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically at the time and date indicated, which may be materially different from its entry on the record.



**Russ Kendig**
**United States Bankruptcy Judge**

**Dated: 12:06 PM March 23, 2021**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| B&G FUTURES INC., | ) | CASE NO. 21-60063 |
| | ) | |
| Alleged Debtor. | ) | RUSS KENDIG |
| | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| | ) | **(NOT FOR PUBLICATION)** |
| | ) | |

Now before the court is B&G Futures Inc.'s ("B&G") motion to dismiss the involuntary petition filed by Dan-Bunkering (America) Inc. ("Dan-Bunkering"), requesting sanctions against Dan-Bunkering, and an order requiring it to post a bond. The court held a telephonic hearing on March 18, 2021. Bridget Franklin, attorney for B&G, and Steve Simm, attorney for Dan-Bunkering, presented arguments.

The court has subject matter jurisdiction of this case under 28 U.S.C. § 1334 and the general order of reference issued by the United States District Court for the Northern District of Ohio. General Order 2012-7. The court has authority to enter final orders in this matter. Pursuant to 28 U.S.C. § 1409, venue in this court is proper.

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

1

# DISCUSSION

At the hearing, B&G limited its argument to a single question: whether the numerosity requirement of 11 U.S.C. § 303(b) is satisfied. According to B&G, at least one of the three petitioning creditors,[1] PFL Petroleum Services Limited ("PFL"), holds a disputed claim, thereby defeating the requirement set forth in § 303(b)(1). Dan-Bunkering argues that although the amount of the debt between B&G may be disputed, a debt clearly exists and therefore PFL qualifies as a petitioning creditor.

When an alleged debtor has twelve or more creditors, section § 303(b)(1) specifies that an involuntary petition must be filed by three or more entities

> each of which is either a holder of a claim against such person that is not contingent as to liability or the subject of a bona fide dispute as to liability or amount . . . if such noncontingent, undisputed claims aggregate at least $16,750 more than the value of any lien on the property of the debtor securing such claims held by the holders of such claims.

11 U.S.C. § 303(b)(1). The petitioning creditor bears the initial burden of proving a prima facie case that the debt is not subject to dispute, shifting a burden of production to the putative debtor to introduce evidence to the contrary. In re Soderbergh and Schafer LPAS, LLC, 441 B.R. 262, 264 (Bankr. N.D. Ohio 2010) (other citations omitted); In re Freedom Filler LLC, 2013 WL 3379365, *1 (Bankr. N.D. Ohio 2013). The ultimate burden of proof of the absence of a dispute rests with the petitioning creditor. Riverview Trenton R.R. Co. v. DSC Ltd. (In re DSC Ltd.), 486 F.3d 930 (6th Cir. 2007).

The Bankruptcy Code does not define "bona fide dispute," leaving it to the courts to define. In Riverview Trenton R.R. Co., the Sixth Circuit favorably utilized an understanding issued by the Sixth Circuit Bankruptcy Appellate Panel, explaining 'if there is either a genuine issue of material fact that bears upon the debtor's liability, or a meritorious contention as to the application of law to undisputed facts, then the petition must be dismissed.' Id. at 945 (quoting In re Eastown Auto Co., 215 B.R. 960, 965 (B.A.P. 6th 1988) (quoting and citing In re Lough, 57 B.R. 993, 997 (Bankr. E.D. Mich. 1986)). The Sixth Circuit emphasized that bankruptcy court should not resolve any genuine issues of law or fact, it should merely ascertain the existence. Riverview Trenton R.R. Co., 486 F.3d 930, 945 (citing In re Lough, 57 B.R. at 997; In re Everett, 178 B.R. 132, 139 (Bankr.N.D.Ohio 1994)). It further reasoned "Congress has made clear that it 'intended to disqualify a creditor whenever there is any legitimate basis for the debtor not paying the debt, whether that basis is factual or legal.'" Riverview Trenton R.R.Co., 486 F.3d 930, 945 (quoting In re Lough, 57 B.R. 993, 997)).

---

[1] When Dan-Bunkering filed the involuntary petition on January 20, 2021, it was the sole petitioning creditor. After B&G filed its motion, and attached a list of creditors, Dan-Bunkering filed an amended petition joined by two new petitioning creditors, PFL and VCS Distribution.

The case was filed with Dan-Bunkering as the sole petitioning creditor. PFL became a petitioning creditor through the amended petition filed on March 4, 2021, represented by Scott Norcross of Kohrman, Jackson and Krantz, PLL. However, PFL did not participate in the dismissal hearing in defense of its status as a petitioning creditor. Rather, Dan-Bunkering argued in its stead in an attempt to preserve the involuntary petition.

Responding to the motion to dismiss, Dan-Bunkering alleges PFL is owed $133,000.00. It attached a copy of a docket sheet in a state court case brought by PFL against B&G. Although Dan-Bunkering represents that it is a litigation regarding an unpaid debt, the docket sheets only indicates it is a civil matter. It also shows the case is on-going, moving toward a trial, following denial of PFL's motion for partial summary judgment. Neither Dan-Bunkering or PFL provided any further information concerning the PFL claim or litigation. There is no support for the $133,000.00 claim figure. PFL did not meet its initial burden, failing to prove the existence of a debt that is not subject to a bona fide dispute.

For the sake of argument, the court will consider B&G'position. It contends the debt to PFL is subject to a bona fide dispute, pointing to an order dated September 28, 2020 in the state court case denying PFL's limited motion for partial summary judgment. (B&G Reply, ex. 2, ECF No. 28.) In the briefest summary of the state court litigation, PFL alleges it is owed commissions for finding sub-lessees for B&G railcars. B&G denies it owes PFL any commissions, contending another party brokered the sublease agreements. (Id.) PFL's complaint contains at least five counts, including breach of contract, on account, quantum meruit and unjust enrichment. (Id., ex. 2 at 4.) These four counts were subject of PFL's limited motion for summary judgment.

In its written decision denying summary judgment on all four counts, the state court found "there is an issue of fact as to whether valid enforceable contract(s) exist between the parties. There is a genuine question as to whether or not the Trade Confirmations accurately reflected terms agreed upon by both parties for Transactions One and Two, and/or whether or not B&G agreed to the terms set forth in the Trade Confirmation(s)." (Id. at 6-7.) The court denied summary judgment on the four listed counts, finding the first two failed because PFL had not proved the existence of a valid contract between the parties and the latter two equitable claims were viable only in the absence of a valid contract.

The findings in the state court ruling clearly shows that B&G's liability for any debt to PFL is disputed. PFL did not establish that B&G is liable on a debt outside these disputed claims. Consequently, the court finds that PFL's claim against B&G is subject to a bona fide dispute and it does not qualify to be a petitioning creditor.

B&G has twelve or more creditors, requiring at least three petitioning creditors with undisputed claims to join in the filing of an involuntary petition. Since one of the three creditors' claims in the B&G involuntary petition is subject to a bona fide dispute, the petition does not meet the numerosity requirement set forth in the Bankruptcy Code. B&G's motion will be granted and the involuntary petition will be dismissed by a separate order to be issued immediately with this opinion.

**Service List:**

Bridget Aileen Franklin
Marc Merklin
Brouse & McDowell, LPA
388 S. Main Street
#500
Akron, OH 44311

J. Stephen Simms
Simms Showers LLP
201 International Circle
Suite 230
Baltimore, MD 21030

Scott Norcross
Kohrman, Jackson & Krantz PLL
1375 E. Ninth St., 29th Floor
Cleveland, OH 44114

4

21-60063-rk    Doc 29    FILED 03/23/21    ENTERED 03/23/21 13:12:20    Page 4 of 4